DUCKER, JUDGE:
Claimant, Keeley Brothers, Inc., of Clarksburg, West Virginia, seeks a refund of $420.00 from the State Tax Department, which amount Claimant paid as an excise tax on 6,000 gallons of Diesel fuel oil purchased by Claimant on March 26, 1970, from R. H. Bowman, Inc., of Rainelle, West Virginia, a distributor for Gulf Oil Corporation.
The tax paid at the rate of .07 cents per gallon was subject to refund if application were made in accordance with the provisions of Section 20, Article 14, Chapter 11 of the Code of West Virginia. The invoice for the purchase of the fuel oil shows that the fuel oil was delivered on March 26, 1970, and the payment therefor was made on June 29, 1970. The application of the Claimant to the Tax Commissioner for the refund was mailed at Rainelle on June 30, 1970, and received in Mail Division No. 2 of the Capitol at Charleston on July 1, 1970. Claimant’s check in payment of the account was dated June 23rd, and the same evidently was not received in Rainelle until June 29th, six days later, which Claimant says was the fault or slowness of the mail service. However, when payment was mailed or received is not important in the decision in this case.
The statute providing for refunds, Code 11-14-20, specifically states that the Tax Commissioner shall cause a refund to be made only when an application for refund is filed with the Tax Commissioner, upon forms prepared and furnished by the Tax Commissioner, within ninety days from the purchase or delivery of the gasoline, and that any claim for refund not filed *251 within ninety days from the date of the purchase or delivery shall not be construed to be or constitute a moral obligation of the State of West Virginia for payment.
The date of payment is not material although the invoice which showed the payment was proof of the purchase and its introduction in the evidence was proper for that purpose. The only date on the invoice that is material to the application for refund is the date of purchase, namely March 26, 1970, which according to the invoice was evidently the date of delivery.
The real and only question is whether the application for refund was made in ninety days from the date of purchase or delivery of the fuel oil which would be within ninety days from March 26th. The application for refund was contained in an envelope with a postmark of Rainelle, West Virginia, dated June 30th and received in the Capitol mail division on July 1, 1970. There is no dispute in the record as to these dates.
Claimant contends that delay in the mail service was the cause of the lateness in the arrival of Claimant’s application for refund. As the application was postmarked June 30th in Rainelle and received in Charleston on July 1st, such delay must have been entirely in the post office at Rainelle if the application was mailed prior to the postmarked date of June 30th, a period of three or four days after the ninety day period had expired.
A Tax Department witness testified that the Department always accepted the postmarked date of the place of mailing as controlling the matter of time, which in this instance was June 30th. This practice seems to this Court as the only safe and fair practice in such matters, although it is conceivable that there could be other means of determining such fact. In the absence of such other proof, and the fact that Claimant has not attempted to prove otherwise, we must accept the record that the application for refund was mailed at Rainelle on June 30th.
Statutes of the nature of that involved in this case must of necessity be strictly applied in order to protect the State against negligent, careless, and even fraudulent claims, although in many instances, such as this one, this Court knows *252 it is made in all good faith. Even though we may feel exceptions to applying the statute should in some cases be made, the statute expressly prohibits this Court from doing so by the provision that there shall not be a moral obligation of the State to pay such a claim.
For the reasons herein stated, this Court is constrained from making and does not make any award to the Claimant herein.
Claim disallowed.